

FILED
BRIAN S. DANIEL
JUL 0 1 2020
2:52
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

## IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
### Civil DIVISION

**LARRY LOVELL**                                                    **PLAINTIFF**

**VS.**                         CASE NO. 10CU-20-81

**JAMES ALBERT WARD III,**
**PILOT TRAVEL CENTERS LLC, AND**
**JOHN DOE**                                                       **DEFENDANTS**

### COMPLAINT

Come now the Plaintiffs. Larry Lovell and Melissa Lovell, by and through their attorneys. TAYLOR & TAYLOR LAW FIRM, P.A., and for their *Complaint* do state:

### JURISDICTION AND VENUE

1.      At all times relevant to this *Complaint*. Plaintiffs were residents of Carthage. Panola County, Texas, and citizens of the State of Texas.

2.      At all times relevant to this *Complaint*, Defendant James Albert Ward, III ("Ward") was a resident of Pulaski County. Arkansas, and a citizen of the State of Arkansas.

3.      At all times relevant to this *Complaint*, Defendant Pilot Travel Centers LLC ("Pilot") was a foreign limited liability company with a principal place of business in Knoxville, Tennessee.

4.      In the event that Ward was not an agent or employee of Pilot, then Defendant John Doe ("Doe") is the unknown employer or master of Ward at the time of the accident that is the subject of this *Complaint. See* Exhibit A.

**EXHIBIT B**

5.   The facts and circumstances giving rise to this *Complaint* occurred in Caddo Valley, Clark County, Arkansas.

6.   This Court has subject matter jurisdiction of this matter pursuant to Ark. Code Ann. § 16-13-201(a).

7.   This Court has personal jurisdiction of the parties pursuant to Ark. Code Ann. § 16-4-101(B).

8.   Venue in this county is proper pursuant to Ark. Code Ann. § 16-60-101(a)(1) (county in which a substantial part of the event or omission giving rise to the cause of action occurred).

## FACTS

9.   On or about July 9, 2017, Plaintiff Larry Lovell was in the parking lot of the Pilot Travel Center located in Caddo Valley, Clark County, Arkansas.

10.  Defendant Ward was the operator of an eighteen-wheeler (the "Pilot Truck").

11.  While Plaintiff Larry Lovell was outside of his own vehicle, Defendant Ward backed the Pilot Truck into Plaintiff Larry Lovell.

## CAUSE OF ACTION #1 – NEGLIGENCE

12.  Defendant owed numerous duties to Plaintiff, and Defendant breached those duties in the following manner:

A.   Reckless driving in such a manner as to show disregard for the safety of persons and property in violation of Ark. Code Ann. §27-50-308;

B.   Careless and prohibited acts of driving in violation of Ark. Code Ann. §27-51-104, and other violations of applicable Arkansas traffic laws;

C.   Failure to keep a proper lookout for other individuals in the parking lot;

D.     Failure to drive at a speed that was reasonable under the circumstances;

E.     Failure to keep Defendant's vehicle under proper control;

F.     Failure to use ordinary care to operate Defendant's vehicle; and

G.     Failure to otherwise use ordinary care under the circumstances at the time of the collision.

13.     The injuries and damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence, and were a probable consequence of Defendant's breach of one or more of the above-described independent duties of ordinary care for the safety of Plaintiff.

14.     Defendant should have foreseen and anticipated that a breach of one or more of the above-described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

15.     If Defendant had not breached one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff, then Plaintiff's injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUFFERED BY PLAINTIFF LARRY LOVELL

16.     The injuries and damages sustained by Plaintiff as a result of Defendant's breach of the above duties include, but are not limited to, the following:

A.     Serious bodily injuries to Plaintiff's neck, back, shoulder, and other parts of Plaintiff's body;

B.     Medical expenses incurred in the past, and transportation expenses to obtain such medical treatment;

C.  Future medical expenses to be incurred, and transportation expenses to obtain such future medical treatment;

D.  Physical pain and disability experienced in the past;

E.  Physical pain and disability to be experienced in the future;

F.  Loss of income in the past;

G.  Loss of income in the future;

H.  Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

I.  Mental anguish experienced in the past, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limited his activities;

J.  Mental anguish to be experienced in the future, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limits his activities;

K.  Any scars, disfigurement, and visible results of his injury due to "residential limitation of motion;" *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968);

L.  The reasonable expense of any necessary help in Plaintiff's home in the past, and reasonably certain to be required in the future, as a result of Plaintiff's injuries; and

M.  Permanent bodily injuries that have been suffered, which is a life-changing event causing Plaintiff to lose the ability to enjoy a normal life.

## CAUSE OF ACTION # 2 – RESPONDEAT SUPERIOR
### (AGAINST SEPARATE DEFENDANTS PILOT AND/OR DOE)

17.     Upon information and belief, at the time of the collision, Defendant Ward was acting within the scope of his authority as an agent of Defendant Pilot and/or was acting within the scope of his employment as an employee of Defendant Pilot.

18.     In the event the preceding paragraph is incorrect, then upon information and belief, at the time of the collision, Defendant Ward was acting within the scope of his authority as an agent of Defendant Doe and/or was acting within the scope of his employment as an employee of Defendant Doe.

19.     Therefore, the negligence on the part of Defendant Ward is charged to Defendant Pilot and/or Doe.

## CAUSE OF ACTION # 3 – LOSS OF CONSORTIUM

20.     Plaintiff Larry Lovell was at all times relevant hereto the spouse of Plaintiff Larry Lovell and as such lives and cohabits with him.

21.     For the reasons set forth herein, Plaintiffs have necessarily paid and have become liable to pay for medical aid, treatment, and for medications, and will necessarily incur further expenses of a similar nature in the future.

22.     For the reasons set forth herein, Plaintiff Melissa has been caused, presently and in the future, to suffer the loss of Plaintiff Larry Lovell companionship, services, society and the ability of Plaintiff Larry Lovell have in those respects been impaired and depreciated, and the marital association between husband and wife has been altered, and accordingly, Plaintiff Melissa Lovell has been caused great mental anguish.

23.     Defendant's conduct is the cause of these damages.

## AMOUNT OF DAMAGES
### (FOR JURISDICTIONAL PURPOSES UNDER ARK. CODE ANN. § 16-63-221)

24.     Plaintiffs' injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases.

## DEMAND FOR TRIAL BY JURY

25.     Plaintiffs demand a trial by jury for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

26.     Upon completion of discovery, Plaintiffs reserve the right to plead further to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiffs pray for judgment against Defendants for the damages caused by Defendants' negligence as described above, for costs and attorneys' fees, and for all other relief at law or equity to which Plaintiffs may be entitled.

Respectfully submitted,
Larry Lovell and Melissa Lovell,
*Plaintiffs*

BY: _____

TAYLOR & TAYLOR LAW FIRM, P.A.
Andrew M. Taylor, Ark. Bar No. 2005147
Tasha C. Taylor, Ark. Bar No. 2005148
12921 Cantrell Road, Suite 205
Little Rock, AR 72223
Phone: (501) 246-8004
Fax:    (501) 246-8009
Email: Andy@TaylorLawFirm.com
        Tasha@TaylorLawFirm.com

*Attorneys for Plaintiffs*

| EXHIBIT A |
| --- |

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
_____ DIVISION

**LARRY LOVELL**                                                                          **PLAINTIFF**

**vs.**                                              **CASE NO. _____**

**JAMES ALBERT WARD III,**
**PILOT TRAVEL CENTERS LLC, AND**
**JOHN DOE**                                                              **DEFENDANTS**

### JOHN DOE AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared ANDREW M. TAYLOR, who being by me duly sworn, deposes and says:

1. My name is Andrew M. Taylor. I am over eighteen (18) years of age. I am a resident and citizen of Little Rock, Pulaski County, Arkansas.

2. I have never been convicted of a crime and I am fully competent to make this Affidavit.

3. I am an attorney licensed to practice law under and by virtue of the laws of the State of Arkansas. My Arkansas Supreme Court Enrollment No. is 2005147. I am the attorney for the Plaintiffs in the above styled and numbered cause.

4. I have personal knowledge of the facts stated herein and they are all true and correct to the best of my knowledge and belief.

5. The Plaintiffs in the above styled and numbered cause states a cause of action for negligence against James Albert Ward III.

## EXHIBIT A

6. The Defendant John Doe is the individual, corporation, partnership, or other entity for whom Defendant Ward was acting as an agent or employee at the time of the accident that is the subject of the Complaint.

7. This Affidavit is filed with the Complaint in the above styled and numbered cause in accordance with Arkansas Code Annotated §16-56-125 for the purpose of tolling the statute of limitations.

FURTHER AFFIANT SAYETH NOT.

Andrew M. Taylor, Ark. Bar No. 2005147
TAYLOR & TAYLOR LAW FIRM, P.A.
12921 Cantrell Road
Little Rock, Arkansas 72223
Phone:  501-246-8004
Fax:     501-246-8009
Email:  Andy@TaylorLawFirm.com
*Attorney for Plaintiffs*

SUBSCRIBED AND SWORN TO BEFORE ME, Madison Daugherty, a Notary Public, in and for the state and county aforesaid on this 1st day of July, 2020.

Notary Public

My commission expires:

9-9-2029

MADISON DAUGHERTY
Notary Public-Arkansas
Pulaski County
My Commission Expires 09-09-2029
Commission # 12708675